THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GARLICK, Appellant. [42 NYS3d 28]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered November 1, 2013, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 20 years, unanimously affirmed.

The court properly denied defendant's midtrial request for a protective order pursuant to CPL 240.50 (1) as to a surveillance videotape of the incident. That provision was inapplicable, because discovery had already concluded. In any event, the risk that jurors might view media coverage of the case, in violation of the court's thorough admonitions against doing so, did not present circumstances sufficiently compelling to rebut the presumption of the public's right to access a trial exhibit pursuant to the common law (*see Application of Natl. Broadcasting Co., Inc.*, 635 F2d 945, 952-953 [2d Cir 1980]) and the

First Amendment (*see Mosallem v Berenson*, 76 AD3d 345, 349 [1st Dept 2010]). The prosecutor did not make the videotape available to the news media until after it had been received in evidence and played for the jury in open court. We have considered and rejected arguments concerning preservation and the scope of our review.

The court properly exercised its discretion in declining to conduct individual inquiries of two jurors as to whether they had violated the court's repeated instructions against viewing news coverage of the case, following the revelation that a local TV news station had aired part of the video with inflammatory commentary. The court asked the entire jury panel if anyone had seen any media coverage, and it dismissed the only juror who admitted to having done so, after the court conducted an individual inquiry of that juror and then asked the entire panel about this matter a second time, before the jurors were able to see that the one juror was dismissed. Defense counsel's statement that the facial expressions of the two jurors at issue, which the court had not perceived, suggested they might have violated the instructions did not compel individual inquiries under the circumstances (*see People v Joaquin*, 138 AD3d 422, 422 [1st Dept 2016], *lv denied* 28 NY3d 931 [2016]; *see also People v Mejias*, 21 NY3d 73, 79-80 [2013]).

"Defendant's right of confrontation was not violated when an autopsy report prepared by a former medical examiner, who did not testify, was introduced through the testimony of another medical examiner" (*People v Acevedo*, 112 AD3d 454, 455 [1st Dept 2013], *lv denied* 23 NY3d 1017 [2014]), since the report, which "[did] not link the commission of the crime to a particular person," was not testimonial (*People v John*, 27 NY3d 294, 315 [2016]). Defendant's contention that *People v Freycinet* (11 NY3d 38 [2008]) has been undermined by subsequent decisions of the United States Supreme Court is unavailing (*see Acevedo*, 112 AD3d at 455).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.